# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HEARTHSIDE BAKING CO., INC., | ) | Case No. 08 B 001187 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| OFFICIAL UNSECURED CREDITORS' COMMITTEE OF HEARTHSIDE BAKING CO., INC. and WAYNE COHEN, individually and derivatively as President and beneficial owner of Hearthside Baking Co., Inc., d/b/a Maurice Lenell Cooky Company, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) ) | Adversary No. 08 A 00237 (Removed from the Circuit Court of County, Illinois, Case No. 05 CH 04233) |
| TERRY COHEN, MELVIN BLUM, MARVIN GORDON, and HEARTHSIDE BAKING CO., INC., d/b/a Maurice Lenell Cooky Company, | ) ) ) ) ) | Adversary No. 08 A 00279 |
| Defendants. | ) | |

## MEMORANDUM OPINION

In this matter, two of the Defendants, Melvin Blum ("Blum") and Marvin Gordon ("Gordon"), filed a motion for abstention and remand of Adversary Case No. 08-237. This case was removed from the Chancery Court for the Circuit Court of Cook County ("Chancery Court") after this Court entered an order March 27, 2008 authorizing the Official Unsecured Creditors' Committee of Hearthside Baking Co., Inc. ("Committee") to intervene on behalf of the Debtor in the Chancery Court and to prosecute additional claims and causes of action on behalf of the Debtor's estate. Defendant Terry Cohen ("Terry") adopts Blum and Gordon's position regarding this motion. The

Committee filed an additional adversary proceeding in this case, Adversary Case No. 08-279. The Committee opposes Blum and Gordon's motion for abstention and remand and seeks to consolidate the two adversary proceedings. Plaintiff Wayne Cohen ("Wayne") also supports the Committee's effort to consolidate the two adversary proceedings. For the following reasons, Blum and Gordon's motion for abstention and remand is denied and the Committee's motion to consolidate is granted.

## I. JURISDICTION

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334(b) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. A motion to abstain and remand a non-core "related to" proceeding previously removed to a bankruptcy court is a matter that, by its very nature, could exist only in connection with a bankruptcy case, and is a matter over which a bankruptcy court exercises core jurisdiction, with the authority to enter final orders therein. 28 U.S.C. 157(b)(1); *see also Nickless v. Creare, Inc., (In re Haverhill Technology Group)*, 310 B.R. 478 (Bankr. Mass. 2004).

## II. BACKGROUND

Prior to filing for bankruptcy, the Debtor manufactured and sold cookies as the Maurice Lenell Cooky Company. Until his death in 1997, Irwin Cohen ("Irwin") was the sole director of the Debtor, owning 87.5% of its stock, with the other 12.5% held by a subsidiary of the Debtor. Irwin's two adult sons, Wayne Cohen and Terry Cohen, were also involved in operating the company. Wayne acted as President of the company; Terry was its Chief Executive Officer. In 1993, Irwin created a written trust instrument dated August 4, 1993 to hold and dispose of his interest in the company upon his death. His long time advisors, Blum and Gordon, were named co-trustees of this trust; and his three children, Wayne, Terry, and Andee Cohen Kochavi ("Andee") were named

beneficiaries. Wayne and Terry were also named as the sole directors of the Debtor.

After Irwin's death in 1997, Wayne and Terry continued to act as President and CEO of the Debtor. However, a rift began to form between the brothers culminating in a lawsuit filed by Wayne in March 2005 in Cook County Chancery Court seeking an accounting, the removal of Terry as a director of the Debtor, removal of Blum and Gordon as trustees and other related relief. In a later "Supplemental Second Amended Complaint," Wayne added his sister Andee as a defendant as well. In his complaint, Wayne alleged that Terry looted the company by misappropriating cash from the Debtor for personal expenses and that Blum and Gordon, as trustees, did nothing to stop Terry or to recover the amounts taken. The claims asserted are for breach of fiduciary duty, civil conspiracy, conversion, and unjust enrichment. All together, both the Second Amended Complaint and the "Supplemental Second Amended Complaint" contain thirty counts: eighteen counts by Wayne individually and as trust beneficiary seeking damages for himself or the trust and twelve counts derivatively on behalf of the Debtor.

In response to the lawsuit, Terry, Blum, and Gordon filed motions to dismiss the complaint. Additionally, Terry filed an election pursuant to 805 ILL. COMP. STAT. § 5/12.56 to purchase Wayne's interest in the Debtor for $25,000.[1] Wayne believed his interest was worth more and a valuation hearing was set. In March 2006, the Chancery Court stayed all other related matters until the valuation issue could be resolved. The motions to dismiss were briefed, but never decided. In May 2007, Terry, individually and derivatively on behalf of the Debtor, filed a counterclaim against

---

[1]This statute provides a remedy allowing a closely held corporation or its shareholders to elect to purchase a petitioning shareholder's shares in lieu of dissolution of the corporation. 805 ILL. COMP. STAT. § 5/12.56(f); *see also Lohr v. Havens*, 879, N.E.2d 386, 389 (Ill. App. Ct. 2007) (citing statute).

Wayne alleging two claims under the Illinois Business Corporations Act. In August 2007, the Chancery Court stayed the valuation proceeding pending the sale of real property from the locale where the Debtor operated; Tewaan Corp., an Illinois corporation affiliated with the Debtor, owned that property and the Debtor was its tenant. No progress was made in the Chancery Court since the August 2007 order staying the valuation was entered.

Four creditors of the Debtor filed an involuntary petition seeking relief under chapter 7 of the United States Bankruptcy Code[2] on January 18, 2008. The case was subsequently converted to a chapter 11 proceeding on February 13, 2008. The Committee was formed and on March 27, 2008, was given authority to intervene on behalf of the Debtor in the Chancery Court to prosecute claims for the Debtor's estate. Pursuant to this authority, the Committee removed the Chancery Court action to this Court on April 28, 2008 (08-237) and filed its own sixty count adversary proceeding (08-279) against the defendants and other insiders on May 12, 2008. Several of the claims in the Committee's adversary proceeding overlap or are intertwined with the issues raised in the removed case. The Committee seeks to consolidate both proceedings. The defendants in the removed action seek to have this Court abstain from the removed Chancery case and remand it back to the Chancery Court. Additionally, Wayne filed a motion to withdraw the reference to the District Court to adjudicate both adversary proceedings together in the federal district court.

## III. DISCUSSION

Blum and Gordon argue that abstention is required in the removed adversary proceeding and that remand back to the Chancery Court is necessary. They first argue that this Court lacks subject matter jurisdiction over nineteen of the thirty-two claims asserted in the Chancery Court (the total

---

[2] 11 U.S.C. §§ 101 *et seq.*

4

of the Second Amended Complaint, Supplemental Second Amended Complaint, and Terry's counterclaim; these nineteen claims are herein referred to as the "non-debtor claims"). Next, Blum and Gordon argue that mandatory abstention applies to the remaining thirteen counts. Alternatively, they argue that permissive abstention or equitable remand warrants remand. Finally, Blum and Gordon assert that the Committee lacked standing to remove the case from the Chancery Court.

*A. Subject Matter Jurisdiction*

The first issue is whether there is proper subject matter jurisdiction to entertain the removed adversary proceeding. Blum and Gordon assert that the nineteen non-debtor claims are state law claims by one non-debtor against another non-debtor. They also argue that the remaining thirteen counts should be remanded because they are closely related and assert claims against the same defendants as they are pled in the alternative to the nineteen counts. According to Blum and Gordon, remand of the removed case would avoid parallel litigation in two different courts that could give rise to inconsistent rulings and a waste of judicial resources.

The Committee argues the inverse of Blum and Gordon's position. The Committee urges that fifteen of the non-debtor claims are derivative claims that belong to the estate. Since such claims are property of the estate, the Committee urges jurisdiction before this Court is proper.

Bankruptcy courts possess limited subject matter jurisdiction. *In re Cullen*, 2000 WL 777153, at *3 (N.D. Ill.2000). Proper jurisdiction exists in four types of cases: "(1) all cases under the bankruptcy code ('title 11') - i.e., bankruptcy petitions; (2) civil proceedings 'arising under' title 11; (3) civil proceedings 'arising in' a case under title 11; and (4) civil proceedings 'related to' a case under title 11." *In re Resource Technology Corp.*, 2004 WL 419918, at *3 (N.D. Ill. 2004) (quoting *In re Spaulding & Co.*, 131 B.R. 84, 87 (N.D. Ill. 1990)); *see also In re Wood*, 825 F.2d 90, 92 (5th

Cir. 1987). A claim "arises under" title 11 when it involves a cause of action "created or determined by a statutory provision of title 11." *Resource Technology*, 2004 WL 419918, at *3 (quoting *Wood*, 825 F.2d at 96). A claim that "arises in" in a case under title 11 is a claim that would not exist if it arose outside of bankruptcy. *Id.* A claim is "related to" title 11 when its resolution "affects the amount of property available for distribution or the allocation among creditors." *Home Ins. Co. v. Cooper & Cooper, Ltd.*, 889 F.2d 746, 749 (7th Cir. 1989); *see also In re FedPak Sys., Inc.*, 80 F.3d 207, 213-14 (7th Cir. 1996). A mere overlap between the claim and the debtor's affairs does not meet proper "related to" jurisdiction. *Home Ins. Co.*, 889 F.2d at 749. Typically, claims for damages by one non-debtor against another non-debtor do not suffice for proper bankruptcy jurisdiction. *In re Federalpha Steel LLC*, 341 B.R. 872, 880 (Bankr. N.D. Ill. 2006).

Blum and Gordon are correct that nineteen counts in the removed Chancery Division adversary proceeding are state law claims asserted between non-debtors. However, the subject matter of these counts may be property of the estate. These counts cover allegations of Terry's misappropriation of money and assets from the Debtor and Blum and Gordon's failure, as trustees, to act or to investigate Terry's alleged acts. The claims are for conversion, breach of fiduciary duty, unjust enrichment, and civil conspiracy. The claims relate to each defendant's role in the company as either a director or officer of the Debtor and wrongful acts against the Debtor. This circuit has long recognized that these types of claims belong to the estate, as stated in *Koch Refining v. Farmers Union Cent. Exch., Inc.*:

> It has also long been held that rights of action against officers, directors and shareholders of a corporation for breaches of fiduciary duties, which can be enforced by either the corporation directly or the shareholders derivatively before bankruptcy, become property of the estate which the trustee [or debtor-in-possession] alone has the right to pursue after the filing of a bankruptcy petition. The section 541 estate has been found to include any actions that a debtor corporation may have to recover damages for fiduciary misconduct,

6

> mismanagement or neglect of duty, and the bankruptcy trustee [or debtor-in-possession] succeeds to that right for the benefit of all creditors of the estate.

*Koch Refining v. Farmers Union Cent. Exch., Inc.*, 831 F.2d 1339, 1343-44 (7th Cir. 1987), *cert. denied*, 485 U.S. 906 (1988) (internal citations omitted).

Since the claims in the removed adversary may be derivative claims belonging to the estate, resolution of these claims would necessarily impact the estate and the amount of money available to the creditors of the estate. Therefore, this Court has proper "related to" jurisdiction over the non-debtor claims.[3]

## B. Mandatory Abstention

Blum and Gordon also argue that mandatory abstention applies, meaning that the Court must abstain from hearing the removed adversary proceeding and remand the matter back to the Chancery Court. "In federal courts, abstention is generally the exception rather than the rule, however, in the realm of bankruptcy, abstention is looked upon more kindly." *Official Comm. of Unsecured Creditors of Wickes, Inc. v. Wilson*, 2006 WL 1457786, at *2 (N.D. Ill. 2006) (herein after "*Wickes*") (internal quotations and citations omitted). Mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) applies when the following four elements are met: (1) the claim states a state law cause of action that, although maybe related, does not arise in or under the Bankruptcy Code; (2) there is no independent basis for federal jurisdiction apart from the bankruptcy; (3) the claim was already filed in a state court; and (4) the claim could be timely adjudicated by the state court. *Id.* (citing *In re DeMert & Dougherty, Inc.*, 271 B.R. 821, 842 (Bankr. N.D. Ill. 2001)). Each element must be

---

[3] As *Koch Refining* states, these claims belong to the estate. This may raise standing issues regarding Wayne's prosecution of these claims. However, no motion is pending before the Court regarding this issue.

7

satisfied in order for the court to abstain. *Demert*, 271 B.R. at 842.

In this case, the first three elements are satisfied. As discussed earlier, the removed adversary proceeding involves claims that are "related to" the bankruptcy case. Although resolution of a "related to" action may directly and substantially affect property of the estate, it is not for that reason a core proceeding under the Bankruptcy Code. *Wickes*, 2006 WL 1457786, at *4 (citing *Diamond Mortgage Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990); *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987)). As discussed earlier, the removed adversary proceeding involves "related to" claims that do not arise in or under the Bankruptcy Code and may not be core matters under 28 U.S.C. 157(b)(2). Additionally, there is no dispute that no independent federal jurisdiction exists for the removed adversary proceeding and that it was commenced in state court. Therefore, the first three elements warranting mandatory abstention are satisfied.

Both parties take issue as to whether the fourth element is satisfied, whether the removed adversary proceeding can be timely adjudicated in state court. The party moving for abstention is burdened with showing whether the claim can be timely adjudicated in state court. *Wickes*, 2006 WL 1457786, at *5 (citing *DeMert*, 271 B.R. at 843). The following four criteria are used to make this determination: "(1) the status of the bankruptcy proceeding; (2) whether the state court proceeding would prolong the administration of the estate; (3) the state court's backlog; and (4) the complexity of the issues." *Id.* (citing *DeMert*, 271 B.R. at 843). "The standard for what constitutes timeliness is generally uncertain" so this "issue is one of judicial discretion." *In re Georgou*, 157 B.R. 847, 851 (Bankr. N.D. Ill. 1993). "The underlying concern is whether allowing the state court action to proceed will have unfavorable effects on the pending bankruptcy." *DeMert*, 271 B.R. at 843 (citing *J.D. Marshall Int'l, Inc. v. Redstart, Inc.*, 741 B.R. 651, 655 (N.D. Ill. 1987)).

Regarding the status of the bankruptcy case, the Committee argues that the bankruptcy case is rapidly proceeding by noting that since the petition was filed in March 2008, the estate has disposed of many of the Debtor's assets and proceedings have been initiated to recover property of the estate. Additionally, the Committee notes that it is diligently working with the Debtor to prepare a plan for confirmation that it will likely file within the next two months. The Committee also argues that if the removed adversary proceeding is remanded back to state court, the estate will be forced to set aside a substantial amount of money to fund separate litigation of the removed adversary proceeding in state court while it also pursues the second 08-279 matter here.

The Committee argues that the issue of whether the state court proceeding would prolong the administration of the estate, favors non-abstention in this case. Specifically, remand back to the state court of the removed adversary proceeding would negatively impact the administration of the bankruptcy case. They urge that remand to the Chancery Court would effectively freeze administration of the estate because the estate would be forced to endure duplicative litigation requiring expenditure of substantial assets of the estate. The Committee notes that a plan can only be confirmed when it provides for full payment of both administrative and priority claims under § 1129 of the Bankruptcy Code. *See* 11 U.S.C. § 1129(a)(9)(A) and (B). Thus, confirmation of a plan may be jeopardized if payment of the administrative claims and priority claims cannot be ensured because estate funds are instead committed to funding the separate lawsuit even though they involve the same operative facts. Conversely, Blum and Gordon argue that there would be no negative impact on the administration of the estate because this is a liquidating chapter 11 case instead of a reorganization. The Committee counters that many of the creditors would be harmed if they do not receive payment of outstanding debts as soon as possible.

9

Many cases note that the impact on administration of the estate by remanding a proceeding back to state court would be less onerous in a liquidating case than a reorganizing case, supporting mandatory abstention. *See Bates & Rogers Const. Corp. v. Continental Bank, N.A.*, 97 B.R. 905, 908 (N.D. Ill. 1989) (no administrative urgency where case was a liquidating chapter 11 case instead of a reorganizing chapter 11 case); *see also Wickes*, 2006 WL 1457786, at *6 (delay in state court of proceeding would have less impact on bankruptcy case in liquidating bankruptcy case). However, the Committee's arguments are well taken. Efficient administration of the bankruptcy estate means that it is likely creditors would receive payment quicker where remand is denied, lessening the potential of harm to creditors. Indeed, these concerns are well taken and the first two elements of timeliness support declining to abstain in this matter.

The Committee and Blum and Gordon argue that the third element of examining the backlog of the state court favors their respective positions. The Committee provides statistics regarding adjudication of jury trial cases in the Circuit Court of Cook County. According to the 2006 Annual Report of Illinois Courts, the latest report available, it takes on average 38.1 months from the filing of a jury case to verdict in Cook County. 2006 ANN. REP. ILL. COURTS STATISTICAL SUMMARY 56. Conversely, Blum and Gordon note that the removed adversary proceeding has already made substantial gains in the Chancery Court as it has been there for three years.

To determine whether the backlog of the state court's docket would require abstention, it is not necessary to show that the federal proceeding would resolve quicker than if it were adjudicated in state court, but that the state court can timely adjudicate the matter. *Klohr v. Martin & Bayley, Inc.*, 2006 WL 1207141, at *3 (S.D. Ill. 2006). Both sides cite various cases stating time periods supporting their respective positions. *Compare Bates & Rogers Const.*, 97 B.R. at 908 (crowded

trial docket of Circuit Court of Cook County does not preclude efficient adjudication by that court); *and Wickes*, 2006 WL 1457786, at *6 (35.3 months from filing jury case to verdict not determinative that Circuit Court of Cook County could not timely adjudicate the matter); *with Klohr*, 2006 WL 1207141, at *2-3 (finding timeliness not met where average state court resolution of over 2.5 years while average for jury case in district court for the Southern District of Illinois is only twenty months); *and Eaton v. Taskin, Inc.*, 2007 WL 2700554, at *4 (C.D. Ill. 2007) (finding timely adjudication by state court not shown where state court action already pending for three years even though case was at the summary judgment stage); *see also Janazzo, Sr. v. Fleetboston Fin. Corp.*, 2002 WL 54541, at *5 (N.D. Ill. 2002) (average time of 43.5 months between filing of jury case for over $50,000 to verdict in Circuit Court of Cook County did not favor mandatory abstention).

Although there is authority supporting both positions regarding whether the removed adversary proceeding can be timely adjudicated in Chancery Court, this factor favors declining mandatory abstention in this particular case. The removed adversary proceeding has already been pending in Chancery Court for more than three years awaiting a valuation hearing that both sides acknowledge has either become moot or has been abandoned. Although motions to dismiss were filed in the Chancery Court and discovery was undertaken for the valuation issue, no answers are on file. Further, no progress in the matter has been made since August 2007. In fact, *Eaton* found this factor was not met even where the state court matter was at the summary judgment stage. *Eaton*, 2007 WL 2700554, at *4. Thus, this factor does not support a grant of abstention.

The fourth factor, issue complexity, also favors declining mandatory abstention. The removed adversary involves claims against those in roles who have served as fiduciaries, directors, and officers of a corporation. These types of issues are not complex or novel to a bankruptcy court;

11

we routinely hear controversies involving such matters.

Blum and Gordon did not meet their burden of showing that the removed adversary proceeding could be timely adjudicated in state court. Since the four elements required for mandatory abstention are not satisfied, this Court finds that Blum and Gordon's motion for mandatory abstention is not supported by the record herein.

C. *Permissive Abstention*

Blum and Gordon alternatively argue that this Court should exercise permissive abstention and remand the matter back to the Chancery Court. "Nothing in [§ 1334] prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1334(c)(1). Twelve factors are considered when determining whether permissive abstention is appropriate: (1) the effect of abstention on the efficient administration of the estate; (2) the extent of how state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of applicable state law; (4) the presence of a related proceeding commenced in state court; (5) any jurisdictional basis other than 28 U.S.C. § 1334; (6) the degree of relatedness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of any asserted core proceeding; (8) the feasibility of severing state law claims to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping; (11) the presence of non-debtor parties; and (12) the existence of a right to a jury trial. *Brizzolara v. Fisher Pen Co.*, 158 B.R. 761, 771-72 (Bankr. N.D. Ill. 1993); *Klohr*, 2006 WL 1207141, at *4. These factors should be flexibly applied since "their

relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." *Matter of Chicago, Milwaukee, St. Paul & Pacific R. Co.*, 6 F.3d 1184, 1189 (7th Cir. 1993). "[t]he law does not require a judge to intone in every case each of the multiple factors involved in a determination of this type; a judge is permitted to focus on what is important in the particular case." *Resource Technology*, 2004 WL 419918, at *6.

Applying the relevant factors in determining whether permissive abstention is appropriate, the effect of abstention on the efficiency of the administration of the estate is important. This factor supports keeping the removed adversary proceeding before this Court. In this case, both the removed adversary proceeding and the direct adversary proceeding involve the same facts and issues regarding property of the estate, specifically causes of action against principals of the Debtor. It would be terribly inefficient to have this Court decide core matters filed under title 11 in the direct adversary proceeding and to have a state court adjudicate a case based on the same facts and similar causes of action. This would affect both administration of this case and judicial economy as a whole by subjecting the estate to duplicative proceedings and judgments. Additionally, other factors do not warrant abstention in this case. These claims involve relatively straight forward business law claims. Additionally, there is no issue of forum shopping in this case; a bankruptcy court is where the direct adversary proceeding should have been filed. This Court recognizes that under 28 U.S.C. § 1334(b), that a state court has concurrent jurisdiction over the direct adversary proceeding. *See* 28 U.S.C. §1334(b) ("...the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."). However, a bankruptcy court would be an appropriate forum to decide these matters. The lack of timeliness in state court outweighs the forum shopping concerns. Also, both proceedings involve the same subject

matter, facts, and circumstances. It would greatly burden the Committee and the estate to have to prosecute the same factual issues in two different courts. Finally, even though a jury trial has been requested in the removed adversary proceeding, a party may move to withdraw the reference to preserve a trial by jury. In fact, that is exactly what was done in this case. Wayne moved to withdraw the reference in district court. The relevant factors do not favor having the removed adversary proceeding remanded back to Chancery Court, permissive abstention is declined.

D. *Equitable Remand Pursuant to 28 U.S.C. § 1452(b)*

Blum and Gordon also urge the Court to remand the removed adversary proceeding back to Chancery Court under 28 U.S.C. § 1452(b) which states "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). For remand under § 1452(b), the following factors are considered: "(1) duplicative and uneconomical effort of judicial resources in two forums; (2) prejudice to the involuntarily removed parties; (3) *forum non conveniens*; (4) a holding that a state court is better able to respond to a suit involving questions of state law; (5) comity considerations; (6) lessened possibility of an inconsistent result; and (7) the expertise of the first court." *Brizzolara*, 158 B.R. at 772.

As discussed herein with respect to mandatory and permissive abstention, these factors do not support abstention. Remanding the removed adversary proceeding would result in duplicative and uneconomical use of judicial resources by having two courts decide matters that involve the same facts and circumstances, increasing the possibility of inconsistent results. This Court is capable of deciding the claims raised under state law as they are not relatively novel or unsettled under Illinois law. Therefore, equitable remand of the removed adversary proceeding under 28 U.S.C. § 1452(b) is denied.

14

*E. Improper Removal*

Blum and Gordon also argue that the Committee improperly removed the removed adversary from the Chancery Court to this Court. They argue that the Chancery Court allowed the Committee to intervene in Chancery Court for the limited purpose of seeking a pre-judgment attachment on certain sale proceeds. As a result, Blum and Gordon aver that the Committee is not a "party" in the Chancery Court and urge remand. Blum and Gordon rely on *In re Mission Bay Ski & Bike, Inc.*, 2007 WL 4390331 (Bankr. N.D. Ill. 2007).

Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. 1452(a). Removal statutes are governed by federal law. *Mission Bay Ski & Bike*, 2007 WL 4390331, at *1. A "party" to an action is anyone named in the complaint. *Id.* (citing *Myles v. United States*, 416 F.3d 215, 217 (7th Cir. 1997)).

*Mission Bay Ski & Bike* involved a state court proceeding between the two former owners of a debtor and the parties to whom they sold their interest in the debtor. *Id.* The debtor was not named in the state proceeding. *Id.* Subsequently, the debtor attempted to intervene in the state proceeding as a defendant, but that intervention effort was denied. *Id.* The debtor then sought to remove the state court proceeding to the bankruptcy court when it filed its bankruptcy petition. *Id.* The court found that removal was improper because the debtor was not a party within the meaning of federal law since it was not named in the complaint. *Id.*

In the removed adversary herein, the Debtor was named as a defendant in the complaint when it was filed in the Chancery Court. On March 27, 2008 this Court entered an order stating:

15

(1) The Committee is authorized to intervene, on behalf of the Debtor, in the litigation pending in the Circuit Court of Cook County, Chancery Division, caption *Wayne Cohen, individually and derivatively as President and beneficial owner of Hearthside Baking Co., Inc., d/b/a Maurice Lenell Cooky Company v. Terry Cohen, et al.*, Case No. 05 CH 4233.[4]

(2) The Committee is authorized to prosecute the additional claims and causes of action enumerated in the Motion on behalf of the Debtor's estate.

(Order dated March 27, 2008).

Pursuant to this order, the Committee was authorized to act on behalf of the Debtor, a named party in the removed adversary proceeding. It exercised this right when the Chancery Court allowed it to intervene in the pre-judgment attachment motion. Thus, the removed adversary proceeding was properly removed to this Court by the entity authorized to act on behalf of a party.

F. *Consolidation of Both Adversary Proceedings*

Additionally, the Committee seeks to consolidate both adversary proceedings. Wayne joins in this unopposed motion. Federal Rule of Civil Procedure 42, made applicable to bankruptcy proceedings via Fed.R.Bankr.P. 7042, provides that a court may consolidate actions involving a common question of fact. Fed.R.Civ.P. 42(a). The purpose of joining actions is to promote convenience and judicial economy. *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-97 (1973). It lies within the sound discretion of the court to decide whether to consolidate actions. *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945), *aff'd* 328 U.S. 654 (1946). Consolidation of actions for trial only requires the existence of a common question of law or fact.

---

[4] The full caption of the removed adversary proceeding is *Wayne Cohen, individually and derivatively as President and beneficial owner of Hearthside Baking Co, Inc., d/b/a Maurice Lenell Cooky Company v. Terry Cohen, Melvin Blum, Marvin Gordon, and **Hearthside Baking Co., Inc., d/b/a Maurice Lenell Cooky Company**.* (Emphasis added).

16

Fed.R.Civ.P. 42(a); *see also State of Ohio v. Luis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995).

Both cases share common issues of fact and law. The factual issues include whether Terry misappropriated the Debtor's funds for his personal benefit and whether Blum and/or Gordon were aware of any alleged misappropriations and what efforts they took to investigate any alleged wrongs committed by Terry. In addition, both cases allege breach of fiduciary duty and unjust enrichment claims against Terry, Blum, and Gordon. While these causes of action may vary somewhat between the removed adversary proceeding and the direct adversary proceeding, they both involve legal issues of duties of care by Terry, Blum, and Gordon to the Debtor and whether they were unjustly enriched by their conduct. Further, as discussed earlier, consolidation of both proceedings will promote judicial efficiency by avoiding duplicative litigation and inconsistent judgments. Since both adversary proceedings involve common issues of fact and law and consolidation would promote judicial economy, consolidation of these cases is proper under Fed.R.Bankr.P. 7042(a). Therefore, the Committee's motion to consolidate the two adversary proceedings is granted.

## IV. CONCLUSION

For the reasons set forth above, the motion of Melvin Blum and Marvin Gordon, adopted by Terry Cohen, for abstention and remand is denied. The motion of the Unsecured Creditors' Committee of Hearthside Baking Co., Inc. to consolidate Adversary Case Nos. 08-237 and 08-279 is granted. They are consolidated for both discovery and trial.

**DATED: August 4, 2008**　　　　　　　　　　　　　　**ENTER:**

　　　　　　　　　　　　　　　　　　　　　　　　　　*Jacqueline P. Cox*
　　　　　　　　　　　　　　　　　　　　　　　　　　Jacqueline P. Cox
　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. Bankruptcy Judge

17